UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN D. BANKS,

        Petitioner,               Case Number: 04-CV-74774

v.                                      HONORABLE GERALD E. ROSEN

S. L. BURT,

        Respondent.
                                     /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Kevin D. Banks, a state prisoner incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus. In his petition, Petitioner challenges the Michigan Parole Board's denial of his release on parole. Petitioner is not entitled to habeas corpus relief and the petition shall, therefore, be denied.

### I.

Petitioner was convicted in Oakland County Circuit Court of two counts of breaking and entering a building with intent to commit criminal sexual conduct and first-degree criminal sexual conduct. On March 15, 1985, he was sentenced to three to fifteen years imprisonment for each of the breaking and entering convictions and seven to thirty years imprisonment for the criminal sexual conduct conviction. While released on parole from those convictions, Petitioner was arrested and charged with armed robbery. He was

convicted of that offense and on October 15, 1990, sentenced to two to twenty years imprisonment.

In his petition, Petitioner does not challenge the validity of these convictions. Instead, he challenges the Michigan Parole Board's denial of parole, most recently on September 16, 2004. He presents the following claims challenging that decision:

> I. The exemption of prisoners from M.C.L. § 791.234 but leaves intact [sic] the right of victims and prosecutors to continue to judicially challenge parole board decision thereunder, violates Petitioner's guaranteed rights of the equal protection clause and due process clause of the constitution.
>
> II. The arbitrary and capricious method used to issue Petitioner fourteen consecutive twelve month continuances violates the due process clause of the Constitution.

## II.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an

unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

---

[1]   28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

### III.

In his first claim for habeas corpus relief, Petitioner alleges that he has been denied the right to equal protection of the laws and due process because, under Michigan law, he is not permitted to appeal the Michigan Parole Board's denial of parole to Michigan courts. Prior to 1999, a parole board decision granting or denying parole was appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted. Mich. Comp. Laws § 791.234(8). In 1999, the Michigan Legislature amended that provision to allow for appeals *only* from the action of the parole board in *granting* parole by the prosecutor or the victim. Mich. Comp. Laws § 791.234(9). In response to the 1999 amendment, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. See M.C.R. 7.104(d)(1), (2)(a). In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole

under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631.

The Sixth Circuit Court of Appeals has held that the elimination of prisoner appeals from parole board decisions does not offend the Constitution. Carnes v. Engler, 76 Fed. Appx. 79, 80-81 (6th Cir. 2003). The Court of Appeals reasoned:

> Legislation or government action is presumed valid if the classification of groups is rationally related to a legitimate state interest. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). In this case, the rational basis test is used because inmates are not a suspect class, *see* Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997), and because the plaintiffs' claim does not involve a fundamental right. A § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed "if there is any reasonably conceivable state of facts that could provide a reasonable basis for the classification." FCC V. Beach Communications, Inc., 508 U.S. 307, 313 (1993). . . .
>
> . . . [T]he State of Michigan could rationally intend the limitation on appeal right to provide a counter-balance to a prisoner's obvious incentive to litigate the issue of parole and to protect the state treasury from the expense needed for responding to appeals of parole denials. . . . In addition, the Michigan parole statutes include the protection of public safety as a stated purpose. . . . The statutes further the rights of victims of various crimes, which is also a legitimate state purpose. For these reasons, there exists a rational relationship to a legitimate state purpose in the Michigan parole scheme prohibiting a prisoner from appealing an adverse Board decision, and the plaintiffs' allegations failed to eliminate any such rational basis.

Id. at 80-81.

Based upon the Court of Appeals' decision in Carnes, the Court must conclude that Petitioner's claim that the Michigan parole scheme is unconstitutional fails to state a claim upon which habeas relief may be granted.

## IV.

In his second claim for habeas corpus relief, Petitioner argues that the parole board

acted arbitrarily and capriciously in denying him parole thereby denying him due process. Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See* Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8 (1987). Thus, there is no federal constitutional right to parole. Gavin v. Wells, 914 F.2d 97, 98 (6th Cir. 1990).

In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board. In re Parole of Johnson, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)). *See also* Mich. Comp. Laws § 791.234(9). Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole. Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994). *See also* Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) ("[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'") (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100). Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir. 1979).

In a habeas corpus proceeding, the scope of a federal court's review of a Parole Board's decision denying parole is quite limited:

> Absent substantial evidence of an arbitrary and capricious abuse of

> discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the court should not interfere with the parole board's exercise of its discretion in denying an application for parole.

Juarez v. Renico, 149 F. Supp. 2d 319, 324 (E.D. Mich. 2001) (Lawson, J.).

Petitioner argues that the parole board improvidently denied him parole based upon the nature of his crime rather than his self-described stellar prison record and his efforts at self-improvement. The parole board based its denial of parole on many factors, including Petitioner's history of assaultive crime, his use of a dangerous weapon during the assaultive crime, and that his assaultive behavior occurred while he was released on parole. See Parole Board Notice of Decision, dated September 16, 2004. "The parole release decision is based on a complex of factors covering, *inter alia*, psychiatry, criminology, psychology, penology, and human relations. . . . Parole decision-making centers on making a diagnostic and predictive determination with respect to whether the rehabilitation of the prisoner and the welfare of society generally would be best served by granting the prisoner conditional freedom rather than by his continued physical confinement." Tamachaski v. Renico, 2001 WL 1478664, * 4 (E.D. Mich. Nov. 20, 2001) (Lawson, J.). It is not arbitrary or capricious for a parole board to consider the "nature of the crime" to determine whether to grant an inmate parole. See Jones v. Salisbury, 422 F.2d 1326, 1326 (6th Cir.1970). Petitioner has failed to show that the parole board considered any improper factors or relied on any incorrect information in denying him parole. The Court, therefore, finds that Petitioner is not entitled to habeas corpus relief on this claim.

## V.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

                                                   S/GERALD E. ROSEN
                                                 GERALD E. ROSEN
                                                 UNITED STATES DISTRICT JUDGE

DATED: 10/31/05